NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BAUSCH HEALTH IRELAND LIMITED, et al., | : : : : : : : : : : : : : | Civil Action No. 21-10057 (SRC) |
| Plaintiffs, | | **OPINION & ORDER** |
| v. | | |
| MSN LABORATORIES PRIVATE LTD. et al., | | |
| Defendants. | | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the application to serve a supplemental expert report and to amend the FPTO by Defendants MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc., (collectively, "MSN"). Plaintiffs Bausch Health Ireland Limited and Salix Pharmaceuticals, Inc. (collectively, "Bausch") have opposed the application. For the reasons that follow, the application will be denied.

MSN filed an application for leave to serve a supplemental expert report and to amend the FPTO to allow MSN to use certain materials as evidence at trial. In brief, MSN refers both to materials filed by Plaintiff, and statements made by Plaintiff, in an ongoing *inter partes* review proceeding, IPR No. 2022-722 ("IPR '722"), concerning the '786 patent.[1]  MSN seeks leave to

---

[1] The Complaint in this case asserts claims of infringement of several patents, including the '786 patent. The parties previously stipulated to a stay of the present action as to the '786 patent, pending a final decision in IPR '722. (See Docket Entry No. 337 at 1 ("By stipulation of the parties, so-Ordered by Judge Chesler on June 26, 2023, the litigation regarding the '786 patent

serve an expert report in which its expert opines about the relation of Bausch's statements and filings in IPR '722 to its positions in the instant case, which MSN suggests are inconsistent. MSN also proposes to amend the FPTO to allow use of these IPR '722 statements and filings as evidence at trial.

In opposition, Bausch argues: 1) MSN's requests are untimely both because some of the materials were known to MSN before Bausch filed its brief in IPR '722 in September of 2025, and because this case is now on the eve of trial, set for November 10, 2025; 2) MSN's proposal is highly prejudicial to Plaintiffs, given the impending trial; and 3) MSN has not demonstrated that manifest injustice would result from being denied leave to amend the FPTO.

In short, the Court is persuaded by Bausch's arguments. Of greatest significance are MSN's failure to demonstrate that it will suffer manifest injustice from denial of its application, and the clear prejudice to Plaintiffs that would result from permitting these last-minute changes in a case in which the date of trial is now less than a month away. In addition, as Bausch notes, MSN concedes that "some of the documents MSN seeks to add to its exhibit list were part of the record in the IPR before Bausch filed its brief" [in September of 2025], and MSN has given no reason why the Court should excuse its delay. (Docket Entry No. 421 at 3.) Lastly, Bausch also contends that the brief [2] filed in IPR '722 in September, 2025 refers to "plecanatide's simplified purification" (link to document in FN 2 at 14), rather than "that plecanatide is easier to

---

was stayed pending the outcome of the PTAB proceeding and any appeals. (ECF No. 148.)") In that stipulation, the parties wrote: "The Parties agree to forego expert discovery related to the '786 patent pending the issuance of the FWD in IPR2022-00722." (Docket Entry No. 148 at ¶ 2.) No final written decision has yet issued from IPR '722.

[2] The brief is publicly available at: https://ptacts.uspto.gov/ptacts/public-informations/petitions/1549315/download-documents?artifactId=Khyz7TeaG4T8-ysFFmx2lhEb6MTkJL2QeWPIFQYMcIei9qGdw5PmE5c (last accessed October 15, 2025.)

2

separate from the topoisomer than uroguanylin" (Docket Entry No. 421 at 1.)   MSN has not explained to the Court the relevance to this case of a statement that plecanatide is simpler to purify than uroguanylin, nor has it offered a compelling reason why, even if relevant, it did not seek to include this material earlier in the case.

MSN's application will be denied.

For these reasons,

**IT IS** on this 15th day of October, 2025

**ORDERED** that Defendants' application to serve a supplemental expert report and to amend the FPTO (Docket Entry No. 421) is **DENIED**.

    s/ Stanley R. Chesler  
STANLEY R. CHESLER, U.S.D.J.
